**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR10-8036-PCT-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Richard Larry Self, | ) | |
| Defendant. | ) | |

The government has filed a notice of its intent to introduce evidence that is inextricably intertwined with the facts of this case or is otherwise admissible under Federal Rule of Evidence 404(b).  Doc. 48.  Defendant opposes introduction of the evidence. Doc. 57.  The Court heard arguments on each category of evidence at the final pretrial conference on November 10, 2010.

**I.    Background.**

Defendant is charged with possession and interstate transportation of child pornography.  Doc. 35.  To be guilty of these crimes, Defendant must have "knowingly" possessed and transported the child pornography.  *See* 18 U.S.C. §§ 2252A(a)(1) and 2255A(a)(5)(B).  Items of child pornography were found on Defendant's laptop computer and related storage devices that were located in the sleeping area of Defendant's semi-truck tractor-trailer.  Defendant's wife was with him in the truck when it was stopped, as was her laptop computer.  The government anticipates that Defendant will contend at trial either that he did not know the child pornography was located on his laptop computer and related

1  storage devices, or that the related storage devices belonged to his now-former wife.  As a

2  result, the government seeks to introduce evidence tending to show that Defendant knew of

3  the child pornography and transported it across state lines when he drove his truck cross-

4  country.

5  **II.    Rule 404(b).**

6          Evidence of prior crimes, wrongs, or bad acts is not admissible "to prove the character

7  of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  Such

8  evidence may be admitted, however, to prove "motive, opportunity, intent, preparation, plan,

9  knowledge, identity, or absence of mistake or accident[.]"  *Id.*

10         The Ninth Circuit has explained that "Rule 404(b) is a 'rule of inclusion.'"  *Boyd v.*

11 *City and County of S.F.*, 576 F.3d 938, 946-47 (9th Cir. 2009) (quoting *United States v.*

12 *Jackson*, 84 F.3d 1154, 1159 (9th Cir.1996)).  Unless the evidence of other crimes tends only

13 to prove propensity, it is admissible.  *Id.*  "The intent behind the rule is not to 'flatly prohibit

14 the introduction of such evidence,' but to limit the purpose for which it may be introduced."

15 *Id*. (quoting *Huddleston v. United States*, 485 U.S. 681, 687 (1988)).

16         The test for admitting evidence under Rule 404(b) is whether:  (1) it tends to prove

17 a material fact; (2) the prior act is not too remote in time; (3) the evidence is sufficient to

18 support a finding that the person committed the act; and (4) where knowledge is at issue, the

19 act is similar to that charged.  *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir.

20 1996); *see Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (same four-

21 part test).  The Court must also conclude that the evidence is admissible under Rule 403.

22 *Duran*, 221 F.3d at 1133.[1]

23

24         [1] Evidence that is "inextricably intertwined" with the facts and elements of the crime
   charged may be admissible in evidence, and is not treated as "other crimes" evidence under
25 Rule 404(b).  *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).  As stated at the
   final pretrial conference, the Court does not consider any of the evidence at issue in the
26 government's notice to be inextricably intertwined with the facts of this case.  The
   government could present a coherent, logical case without ever making reference to this
27 evidence.  Thus, if the evidence is to be admitted, it must be admitted under Rule 404(b).

28

1    **III.    Analysis.**

2          The government proposes to introduce seven categories of evidence.  The Court will

3    address each category individually.

4          **A.    Evidence that Defendant Accessed the DreamZone Website.**

5          Although none of the child pornography images charged in the superseding indictment

6    came from the website known as DreamZone, the government seeks to introduce evidence

7    that Defendant connected to the DreamZone website and downloaded child pornography.

8    This evidence will consist of logs from the hosting server, documents identifying Defendant

9    as the subscriber linked to the Internet Protocol (IP) address that was used to access the site,

10   and evidence that Defendant owned the email address that was the registered user of the

11   DreamZone website.  This evidence not only will explain how the government first became

12   aware of Defendant as a possible child pornography user, but will also establish Defendant's

13   interest in child pornography and rebut any suggestion that the presence of child pornography

14   on his laptop computer or related storage devices was accidental and unknown to Defendant.

15         The Court concludes that this evidence satisfies the admissibility requirements of Rule

16   404(b).  (1) It tends to prove a material fact – Defendant's knowing possession of the child

17   pornography; (2) access to the DreamZone website occurred approximately 14 months before

18   Defendant's arrest and is not too remote in time; (3) the evidence to be presented by the

19   government appears sufficient to show that Defendant's IP and email addresses were used

20   to access the DreamZone website; and (4) Defendant's accessing of the DreamZone website

21   is similar to the conduct charged in this case – possessing child pornography – and thus

22   relevant on the question of knowledge.

23         The Court also concludes that this evidence is admissible under Rule 403.  The

24   government intends to present only evidence that Defendant accessed the website and

25   testimony from an agent that the website hosted child pornography.  The government does

26   not intend to place in evidence any images of child pornography from the DreamZone

27   website.  The Court concludes that there is no danger of unfair prejudice that would

28   substantially outweigh the probative value of this evidence.

**B.    Evidence that Defendant Possessed Print-Outs Advertising Child Pornography.**

Defendant's home was searched prior to the search of his tractor-trailer.  Computer print-outs advertising child pornography were found in a bathroom cabinet in Defendant's home.  The government argues that the presence of these computer print-outs – advertising child pornographic sites on the Internet – will help rebut Defendant's argument that he did not knowingly possess or transport child pornography.

The Court concludes that this evidence is admissible under Rule 404(b).  (1) It tends to prove a material fact in evidence – that Defendant was interested in child pornography, making it more likely that he knew of its presence on his laptop computer and related storage media; (2) the material was located in Defendant's house shortly before the laptop computer and other storage media were seized from his tractor-trailer and therefore is not too remote in time; (3) the evidence is sufficient to support a finding that Defendant was interested in child pornography; and (4) possession of child pornography advertisements is sufficiently similar to the possession of child pornography to be relevant on the question of knowledge.

The Court also concludes that this evidence is not excluded by Rule 403.  The government does not intend to place the actual print-out advertisements in evidence.  Rather, it will introduce a photograph of the bathroom cabinet where the advertisements are found, showing the advertisements laying in the cabinet.  The photograph will not present a clear picture of the child pornography contained in the advertisement.  An agent will testify that the advertisement was for Internet child pornographic sites and was found in the bathroom of Defendant's home.  Given this form of presentation, the Court concludes that there is little danger of unfair prejudice, and that any such danger does not substantially outweigh the probative value of the evidence.

**C.    Evidence That Defendant Authored Stories About Incest, Sexual Activity With Minors, and Child Pornography.**

A large number of stories were found on Defendant's laptop and related storage devices.  Some of them bore Defendant's name as the author.  The stories include graphic

descriptions of the sexual molestation of children, incest, and bestiality. The government contends that these stories confirm Defendant's interest in the sexual exploitation of children and will help rebut any suggestion that Defendant did not know that his laptop computer or related storage devices contained child pornography.

As explained at the final pretrial conference, the Court is concerned that presentation of these stories to the jury could unfairly prejudice Defendant. The stories are highly offensive, including descriptions of adults repeatedly sexually molesting children and stories of children being forced to engage in sexual conduct with dogs. The Court is concerned that any jury reviewing these inflammatory stories would convict Defendant not because the government had proved the elements of the offense, but because of the highly offensive and troubling nature of the stories.

In response to these concerns, the government offered to present only three stories in evidence and to redact them heavily. The government's proposed redactions were presented to the Court following the final pretrial conference. *See* Doc. 67.

The Court has reviewed the government's proposed redactions, and concludes that they eliminate the concerns of unfair prejudice under Rule 403. Exhibit 1 to the government's submission (Doc. 67-1) contains only the first page of an 18-page story titled "Lusting for Children, By Richard Self." The government proposes to redact all of the story with the exception of seven sentences at the beginning that describe the protagonist of the story and include a statement that the protagonist has "lately been on the internet and run across some child porn with girls from as young as 1 year to 16 in different sexual positions[.]" Doc. 67-1 at 2. The remainder of the story is redacted, and the government proposes to have a forensic examiner testify that the story describes the protagonist as engaging in sexual activity with several young children. The examiner will also testify that this document was found on two of the storage devices located with Defendant's laptop.

The government proposes to introduce a second story, titled "Help With Hidden Desires, By Richard L. Self." Doc. 67-1 at 4. The government proposes to redact all of the story except the first line, which states "I'm a [sic] over the road truck driver, and have been

1   some for years." *Id*.  The forensic examiner will testify that the story describes the

2   protagonist as engaging in sexual activity with several young children, and that the story was

3   found on storage devices with Defendant's laptop.

4           The government seeks to introduce a third story, titled "My Inherited Family."

5   Doc. 67-1 at 6.  All of the story will be redacted, with the exception of two opening

6   statements in which the protagonist states that he served in the Vietnam War and stayed with

7   a friend and his wife and children during a leave.  The examiner will testify that the main

8   character in the story is named "Rick" and that the story describes him engaging in sexual

9   activity with minors.  The examiner will testify that the story was found on a storage device

10  with Defendant's laptop.  Other witnesses will testify that Defendant goes by the name

11  "Rick" and claims to have served in Vietnam.

12          In addition, the government proposes to have the examiner testify that there were 41

13  stories of similar content, totaling 529 pages, located on the storage media found with

14  Defendants laptop.  Another law enforcement officer will testify that a stack of printed stories

15  were found in Defendant's residence during the search, that they concerned sexual activity

16  with children, and that some of them appeared to be edited by hand.  A family member will

17  testify that Defendant portrayed himself as an author.

18          This proposal by the government would eliminate the prospect of the jury reading

19  graphic descriptions of sexual molestation of children and of bestiality.  It would suggest to

20  the jury that Defendant has written stories about the sexual exploitation of children, but the

21  Court does not conclude that such evidence would be unfairly prejudicial.  Defendant's

22  possession of child pornography, as charged in the superseding indictment, itself suggests

23  an interest in the sexual exploitation of children, and Defendant's authorship of the stories

24  would tend to confirm his interest in this subject matter and rebut any suggestion that the

25  child pornography found on the laptop computer or storage devices were unknown to

26  Defendant.  In addition, the evidence will show that some of the stories were found on

27  storage devices with child pornography.

28

The Court concludes that the government's proposed redactions (Doc. 67) eliminate any unfair prejudice that would arise from the jury's reading of the stories, and that any remaining unfair prejudice from these stories does not substantially outweigh their probative value in establishing the Defendant's interest in the sexual exploitation of children. Because the stories appear to be fictional, the Court will require that the government not suggest they are autobiographical, a fact that could result in unfair prejudice to Defendant. For example, the government will be permitted to have a relative of Defendant testify that Defendant characterized himself as an author, but not that Defendant said he was writing his biography.

The Court also concludes that the stories, as the government has proposed to redact and present them (Doc. 67), satisfy the requirements of Rule 404(b). (1) They tend to prove a material fact – that Defendant is interested in the sexual exploitation of children, a fact that tends to show Defendant knew of the child pornography on his computer and storage devices; (2) the stories were located on the laptop and storage devices found in Defendant's tractor-trailer during the search, and in Defendant's home during the search, and therefore are not too remote in time; (3) the evidence is sufficient to support a finding that Defendant authored the stories and stored them on the laptop and storage devices that also contained child pornography; and (4) Defendant's authorship of the stories is sufficiently similar to the possession of child pornography to be relevant on the question of knowledge.

**D.     Evidence that Uncharged Pieces of Media Contain Child Pornography.**

The government seeks to introduce evidence that child pornography was found in unallocated space of various pieces of media seized from Defendant's tractor-trailer. The images will not be introduced into evidence. The government will provide only a general description of the number and type of images found. The storage devices on which the images were found also include photographs of Defendant's family and pets, as well as military items in which he has an interest. The government contends that this evidence will tend to confirm that Defendant was fully aware that his computer and storage devices included child pornography.

The Court concludes that this evidence is admissible under Rule 404(b).  (1) It tends to prove a material fact – that Defendant knew of the child pornography in his possession; (2) it was found at the time of the child pornography at issue in this case, and therefore is not too remote in time; (3) the evidence is sufficient to suggest that the child pornography was found on the laptop and storage devices in Defendant's tractor-trailer; and (4) the possession of this child pornography is sufficiently similar to possession of the charged images to help establish Defendant's knowledge.

The Court also concludes that this evidence does not violate Rule 403.  Images of the uncharged child pornography will not be shown to the jury.  Its presence on related storage devices, along with other material related to Defendant and his family, will be probative on the question of Defendant's knowledge of the child pornography.  The relevancy of such evidence is not substantially outweighed by the risk of unfair prejudice.

**E.**     **Evidence that Charged Pieces of Media Contained More Child Pornography than the Specific Images Referred to in the Superseding Indictment.**

Each possession count of the superseding indictment alleges that Defendant knowingly possessed a particular item of storage media that contained "at least one image of child pornography."  Doc. 35 at 2, Counts 4-6.  The media referred to in the superseding indictment contained other images of child pornography.  The government does not propose to place these images in evidence, but instead to have a witness testify that there were additional images of child pornography on the storage media.

The Court concludes that this evidence falls within the allegations of the superceding indictment and therefore does not constitute "other acts" evidence under Rule 404(b).  Moreover, even if Rule 404(b) were applied, it would permit the admission of this evidence.  (1) The evidence tends to prove Defendant's knowledge of child pornography in his possession; (2) it is not too remote in time; (3) the evidence is sufficient to support a finding that Defendant possessed the images; and (4) possession of these images is similar to the images specifically mentioned in the superseding indictment and therefore relevant on the question of knowledge.

1    The Court also concludes that this evidence is not excludable under Rule 403.  The

2    presence of additional images on the storage devices at issue in the superseding indictment

3    is relevant to the charges in this case, and specifically to Defendant's knowledge that he

4    possessed the images.  The relevancy of this evidence is not substantially outweighed by the

5    risk of unfair prejudice.

6          **F.     Evidence that Defendant Possessed Nude Photographs of His Adult
              Biological Daughter.**

7

8    The government seeks to introduce photographs of Defendant and his adult daughter

9    naked, in his tractor-trailer, wearing only santa hats.  As explained during the final pretrial

10   conference, the Court finds this evidence to be inflammatory and excludable under Rule 403.

11   The photographs are not child pornography and likely would inflame the jury with suspicions

12   of incest.  The Court concludes that the risk of unfair prejudice substantially outweighs any

13   marginal probative value of these photographs.

14   The Court will, however, permit the government to present testimony that photographs

15   of Defendant were found on some of the storage devices that contained child pornography.

16   The photographs will not be described, other than to state that they were of Defendant.  The

17   presence of these photographs on storage media that also contained child pornography tends

18   to support the government's claim that Defendant knew of the child pornography, and mere

19   references to photographs of Defendant (without describing the photographs) will not present

20   a risk of unfair prejudice.  The evidence therefore is admissible under Rule 403.  Because

21   testimony concerning mere photographs of Defendant does not constitute evidence of other

22   bad acts or crimes, Rule 404(b) does not apply.

23   **IV.    Evidence That Defendant Possessed a Nude Photograph of An Underage Family
            Member.**

24

25   A printed photograph was found in Defendant's residence.  It includes a nude

26   photograph of a girl who was identified as Defendant's granddaughter.  The government

27   seeks to place this photograph in evidence without telling the jury that it is of Defendant's

28   granddaughter.

1    The Court will not permit the admission of this evidence.  As recounted above, the

2    government has ample evidence to suggest that Defendant had an interest in the sexual

3    exploitation of children and had reason to know that child pornography was contained on his

4    laptop computer and related storage devices.  The presence of an actual, non-commercial

5    photograph of a naked child in his residence would suggest to the jury that Defendant has

6    been taking photographs of underage girls.  It would require little effort for the jury to

7    speculate that the photograph was of a family member or that Defendant sexually abuses

8    children.  The risk of such prejudicial speculation – speculation not related to any of the

9    elements of the offenses charged in the superceding indictment – substantially outweighs the

10   marginal value of cumulative evidence showing that Defendant has an interest in the sexual

11   exploitation of children.  The Court concludes, therefore, that the photograph is inadmissible

12   under Rule 403.

13       DATED this 12th day of November, 2010.

14

15

16   _____

17   David G. Campbell
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28